IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Carmen J. Gorrasi, | : | |
| Plaintiff, | : | Civil Action 2:10-cv-376 |
| v. | : | Judge Smith |
| Deb Timmerman-Cooper, *et al.*, | : | Magistrate Judge Abel |
| Defendants. | : | |

OPINION AND ORDER

Plaintiff Carmen J. Gorrasi, an inmate at London Correctional Institution ("LCI"), brought this suit under 42 U.S.C. §1983 alleging that he is being denied access to the court system in violation of his rights under the Sixth Amendment to the United States Constitution, due to the inadequacy of the law library at LCI. This matter is now before the Court on Plaintiff's objections to the Report and Recommendation of the Magistrate Judge recommending that Defendants' motion for summary judgment (Doc. 29) be granted. For the reasons set forth herein, the Report and Recommendation is adopted, and the motion is granted.

Background. In his complaint, Plaintiff alleged that the law library at LCI is deficient in several respects: (1) a lack of up-to-date legal materials; (2) inadequate weekly library open hours; (3) an insufficient number of computers; (4) an insufficient number of typewriters; and (5) an insufficient number of Westlaw electronic research terminals. In a separate motion for a preliminary injunction,

1

filed after the instant summary judgment motion was briefed, Plaintiff alleged further that Defendants were now denying inmates at LCI access to the court system by having switched from a system which would permit the purchase of photocopies on credit to one which requires the purchase of prepaid photocopy debit cards.

Defendants, who comprise Deb Timmerman-Cooper, the warden of LCI, Mr. Hurwood, the LCI librarian, Ms. Chapman, the school principal at LCI, Mr. Noble, the deputy warden of LCI, and Gary C. Mohr[1], the director of the Ohio Department of Rehabilitation and Correction ("ODRC"), have now moved for summary judgment. They argue that the facilities at LCI are adequate to afford Plaintiff meaningful access to the court system, that his claim against Defendants Hurwood, Chapman, and Noble is barred due to failure to exhaust administrative remedies, that Plaintiff has not suffered any actual injury which would give him standing to sue, and that his claim against Mohr and Timmerman-Cooper is barred because these defendants cannot be held vicariously liable through their right to control their employees. Defendants have further opposed Plaintiff's motion for a preliminary injunction on grounds that Plaintiff has shown no connection between the relief requested and his underlying action, and that he is not likely to be successful on the merits.

On April 1, 2011, the Magistrate Judge issued a Report and

---

[1] Mr. Mohr is substituted automatically for his predecessor, former ODRC director Ernie L. Moore. Fed. R. Civ. P. 25(d).

Recommendation, recommending that the motion for summary judgment be granted and that the motion for a preliminary injunction be denied.  He found that, although Plaintiff identified in his memorandum contra summary judgment two appeals which he said he was prevented from timely filing *pro se*, for one of these Plaintiff had subsequently filed a timely appeal through counsel, and for the other Plaintiff had failed to present any evidence that his appeal had been prevented by the library deficiencies he alleged.  (Doc. 38 at 6-7.)  Therefore, the Magistrate Judge found, as there was no genuine issue of material fact as to whether Plaintiff had actually been injured, he lacked standing to bring this suit.  The Magistrate Judge found further that Plaintiff's motion for a preliminary injunction should be denied because he had not shown a substantial likelihood of success on the merits and there was no basis to conclude that the plaintiff would suffer irreparable harm unless the injunction were granted.  Plaintiff then filed the objections presently before the Court.

**Summary judgment**.  Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The movant has the burden of establishing that there are no genuine issues of material fact, which may be accomplished by demonstrating that the nonmoving party lacks evidence to support an essential element of its case.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Barnhart v. Pickrel, Schaeffer & Ebeling Co.*, 12 F.3d 1382, 1388-89 (6th

3

Cir. 1993).  To avoid summary judgment, the nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *accord Moore v. Philip Morris Cos.*, 8 F.3d 335, 340 (6th Cir. 1993).  "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

      In evaluating a motion for summary judgment, the evidence must be viewed in the light most favorable to the nonmoving party.  *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970); *see Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000) (concluding that the court must draw all reasonable inferences in favor of the nonmoving party and must refrain from making credibility determinations or weighing evidence).  In responding to a motion for summary judgment, however, the nonmoving party "may not rest upon its mere allegations [...] but [...] must set forth specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e); *see Celotex*, 477 U.S. at 324.  Furthermore, the existence of a mere scintilla of evidence in support of the nonmoving party's position will not be sufficient; there must be evidence on which the jury reasonably could find for the nonmoving party.  *Anderson*, 477 U.S. at 251; *see Matsushita*, 475 U.S. at 587-88 (finding reliance upon mere allegations, conjecture, or implausible inferences to be insufficient to survive summary judgment).

      **Standing**.  In his Report and Recommendation, the Magistrate Judge

determined that Plaintiff (who had only vaguely identified in his complaint "active litigation" and a "post conviction petition" which he had been prohibited from pursuing by a lack of legal resources) had stated in a declaration accompanying his memorandum contra summary judgment the following alleged injuries:

> 3. On August 24, 2010, the Hamilton County Court of Common Pleas denied my pro se petition to vacate or set aside a judgment of conviction or sentence pursuant to R.C. §2953.21 under Case No. B-0809419.
>
> 4. I was prevented by the prison officials... from filing (1) timely notice of appeal; praecipe; (2) motion to waive the filing fees; (3) docket statement; to appeal the decision of the trial court's denying my pro se Petition to Vacate or Set Aside Judgment of Conviction or Sentence...
>
> [...]
>
> 7. On August 24, 2010, the Hamilton County Court of Common Pleas issued a decision that denied my pro se motion to vacate or suspend payment of fines and/or costs under case No. B-0809419.
>
> 8. I was prevented by the prison officials... from filing (1) timely a pro se notice of appeal; praecipe; motion to waive the filing fees; and docket statement; to appeal the decision of the trial court denying my pro se Motion to Vacate or Suspend Payment of Fines and/or Costs...

(Doc. 30-1 at 1.)  As to the first, the Magistrate Judge noted that Defendants had presented evidence that Plaintiff was now represented by court-appointed counsel and, regardless of his *pro se* efforts, had timely brought an appeal after all.  As to the second, the Magistrate Judge found that, although Plaintiff had made a showing that an order existed from which he wished to appeal, he had not presented any support for his assertion that he had been barred in some way from bringing an appeal:

5

>He has not provided, for instance, an order of the appellate court dismissing his appeal as untimely filed, or offered any specific explanation as to how he attempted to appeal this order and was somehow prevented by a lack of resources at LCI from doing so. A litigant who asserts that a fact is genuinely in dispute is obligated to point to specific evidence supporting this assertion. Fed. R. Civ. P. 56(c).

(Doc. 38 at 7.)

As this court has held before, "[s]ome adverse consequence in the court proceeding is essential to a claim of denial of access to the courts". *Carter v. Sheets*, 2008 WL 3833808 at *11 (S.D. Ohio August 14, 2008). According to the Sixth Circuit Court of Appeals:

>The right of access to the courts is a fundamental right protected by the United States Constitution. *Swekel v. City of River Rouge*, 119 F.3d 1259, 1261 (6th Cir.1997); *Graham v. Nat'l Collegiate Athletic Ass'n*, 804 F.2d 953, 959 (6th Cir.1986). This right encompasses a person's right to physically access the court system and ensures the access will be "adequate, effective, and meaningful." *Bounds v. Smith*, 430 U.S. 817, 822, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977). In order to state a claim for denial of access to the courts, an actual injury must be alleged. *Harbin-Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir.2005); *Thaddeus-X*, 175 F.3d at 394. Thus, a prisoner must show "actual prejudice to pending or contemplated litigation." *Jackson v. Gill*, 92 Fed.Appx. 171, 173 (6th Cir.2004); *Lewis v. Casey*, 518 U.S. 343, 351, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). Examples of actual prejudice include having a case dismissed, being unable to file a complaint, and missing a court-imposed deadline. *Harbin-Bey*, 420 F.3d at 578; *Walker v. Mintzes*, 771 F.2d 920, 932 (6th Cir.1985).

*Fitts v. Sicker*, 232 Fed.Appx. 436, 442 (6th Cir. 2007). In his objections, Plaintiff reiterates his arguments:

>The Plaintiff objects under the basis there is a disputed issue of material fact regarding whether the defendants denied him meaningful access to the court system by failing to provide Plaintiff with adequate, up to date legal material, adequate prison law library hours, sufficient computers, typewriters, and Westlaw electronic

6

> research terminals, to pursue a pro se appeal from the trial court's decisions denying his two pro se motions filed without the aid of counsel, unrelated to plaintiff's current appeal in the First District Court of Appeals... represented by appellate counsel Mr. Robert R. Hastings Jr. The Plaintiff's direct appeal has nothing to do with the plaintiff's (2) pro se motions denied by the trial court.

(Doc. 40 at 3-4.)

In Plaintiff's complaint, he alleged that he had been deprived of the opportunity "to pursue filing legal papers 'timely' in his criminal case", and to "file a timely post conviction petition and further documents in his criminal appeal". In his memorandum contra summary judgment, as quoted above, Plaintiff referred specifically to a prospective appeal of a denial of a motion to vacate or set aside judgment, and an appeal of a denial of a motion to vacate payment of fines and costs, which he had been "prevented" by Defendants "from filing timely".

However, he has not presented any evidence of the injury he claims to have sustained. Plaintiff attached to his memorandum contra a copy of the August 24, 2010 entry of the Hamilton County Court of Common Pleas in which Judge Charles J. Kubicki, Jr. denied Plaintiff's post-sentencing motion to waive the payment of court costs. (Doc. 30-4). Judge Kubicki stated that, under Ohio law, a motion by an indigent criminal defendant for waiver of costs must be made at the time of sentencing or be waived, and that he therefore had no power to grant the relief Plaintiff requested. (*Id.* at 1-2). The Sixth Circuit Court of Appeals has held that summary judgment is properly granted to defendants where the prisoner's underlying claim is frivolous. *Colvin v. Schaublin*, 113 Fed.Appx. 655, 658 (6th Cir.

2004) (a post-sentence motion to withdraw a guilty plea frivolous and cannot support a claim of denial of access to court system). *See also Hadix v. Johnson*, 182 F.3d 400, 405-06 (6th Cir. 1999). The Court therefore does not find that Plaintiff has presented a credible claim that he was injured by being prevented from filing a frivolous appeal from this order.

Furthermore, with respect to both Plaintiff's prospective appeals of his motion for waiver of court costs and his motion to vacate or set aside judgment, the Magistrate Judge correctly held that it is insufficient for Plaintiff to assert that he was "prevented" from "timely" filing such appeals. He has offered no evidence, in the form of notices of dismissals of appeals as untimely filed, notices of denial of requests for extensions of time, or, at least, a narrative of filing deadlines which he attempted to and was unable to satisfy, to show that the actions or inactions of prison officials led to his failure to timely file notices of appeal. Plaintiff has also offered no explanation for why or how an alleged lack of typewriters, word processors, more extensive legal research materials, or longer library hours prevented him from *filing* his notices of appeal.[2]

Plaintiff has not met his essential requirement of demonstrating "actual

---

[2] In Plaintiff's memorandum contra, he stated that "Inmate Martin Holloman a clerk who used to work in the law library at LoCI has been preparing the Plaintiff's pro se litigation in this current case. Mr. Holloman helped the Plaintiff type the interrogatories to all the Defendants as well as requests for admissions. Mr. Holloman has even help[ed] the Plaintiff handwrite the civil complaint in this case." (Doc. 30 at 5.) Plaintiff has not stated, other than making general complaints about the availability of legal resources, why he could not type or handwrite his appeals of the two orders of the Court of Common Pleas.

prejudice to pending or contemplated litigation" resulting from the limited resources he alleges. *Jackson*, 92 Fed.Appx. at 173. Consequently, he lacks standing to bring a claim for deprivation of access to the court system under 42 U.S.C. §1983, and this court lacks jurisdiction to hear his claim.[3] *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). The Magistrate Judge correctly held that Defendants should be granted summary judgment.

**Preliminary injunction**. After filing his complaint, Plaintiff filed a motion asking that the Court immediately order Defendants "to stop denying him access to the courts" through a new policy requiring inmates to purchase prepaid cards to make photocopies rather than have inmates run a tab to be repaid in the future. (Doc. 35 at 4.) Assuming, but not deciding, that the question of payment for photocopies is related to the conduct asserted in Plaintiff's complaint, the Court observes that district courts should assess four factors in analyzing a request for a preliminary injunction: (1) whether the plaintiff has a strong likelihood of success on the merits; (2) whether the plaintiff will suffer irreparable injury in the absence of such injunction; (3) whether issuing the injunction will cause substantial harm to others; and (4) whether the public interest will be furthered by the issuance of the injunction. *Procter & Gamble v. Bankers Trust Co.*, 78 F.3d 219, 226 (6th Cir. 1996), citing *Mason County Medical Ass'n v. Knebel*, 563 F.2d 256, 261 (6th Cir.

---

[3] It is, accordingly, unnecessary for the Court to address Defendants' arguments concerning failure to exhaust administrative remedies or vicarious liability.

9

1977). When the party requesting an injunction has no chance of success on the merits of the claim, the Court may dismiss the request without further consideration. *Sandison v. Michigan High School Athletic Ass'n*, 64 F.3d 1026, 1037 (6th Cir. 1995).

An inmate does not have a federally protected right to free photocopying services. *See, e.g., Hollum v. Kent*, 262 F.2d 862, 863 (6th Cir. 1959); *Fazzini v. Gluch*, 875 F.2d 863 at *2 (6th Cir. 1989). Furthermore, he does not enjoy a right to receive photocopies on credit; the Sixth Circuit Court of Appeals has previously held that this amounts to the same thing. *Tinch v. Huggins*, 210 F.3d 372 at *1 (6th Cir. 2000) (although the plaintiff "contends that he did not want 'free copies,' but only credit, the result is the same"). Prior to *Tinch*, this court, in *Giles v. Tate*, 907 F.Supp. 1135 (S.D. Ohio 1995), found that where an inmate plaintiff can demonstrate actual injury to pending litigation resulting from an inability to obtain photocopies, a prison policy barring photocopies on credit may be an unreasonable restraint on an inmate's access to the court system. However, as set forth above, Plaintiff has failed here to demonstrate any actual, as opposed to hypothetical, injury.

As the Court has found that Defendants are entitled to summary judgment due to Plaintiff's lack of standing, it likewise concludes that Plaintiff has no chance of success on the merits of his request for a preliminary injunction, and it is denied.

**Conclusions**. For the reasons set forth above, the Report and Recommendation of the Magistrate Judge (Doc. 38) is **ADOPTED**. Defendants'

motion for summary judgment (Doc. 29) is **GRANTED**.  Plaintiff's motion for a preliminary injunction (Doc. 35) is **DENIED**.

The Clerk shall remove documents 29 and 35 from the Court's pending motions list and remove this case from the pending cases list.

**IT IS SO ORDERED.**

*s/     George C. Smith*
GEORGE C. SMITH, JUDGE
UNITED STATES DISTRICT COURT